IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| HONG TANG, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: SAG-22-00341 |
| KURT L. SCHMOKE, *et al.* | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiff Hong Tang ("Plaintiff") filed his third lawsuit against Defendants the University of Baltimore ("UB"), Kurt L. Schmoke, Joseph S. Wood, Kathleen Anderson, Christy Lee Koontz, and Patria de Lancer Julnes, in their official and individual capacities, and Darlene B. Smith and Roger E. Hartley, in their official capacities, in the Circuit Court for Baltimore City, Maryland (collectively, "Defendants"). ECF 4. In the present version of his Complaint, Plaintiff also named Catherine F. Anderson, in her official capacity, as a Defendant. *Id.* Plaintiff again asserts claims pursuant to 42 U.S.C. § 1983 for due process and equal protection violations stemming from charges that he violated UB's academic integrity policy. *Id.* Presently pending is Defendants' Motion to Dismiss, ECF 17. Plaintiff filed a response, ECF 23, to which Defendants filed a Reply, ECF 26. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Defendants' Motion to Dismiss will be granted and the case will, once again, be dismissed with prejudice.[1]

---

[1] This Court observes that Plaintiff requested that it reserve ruling on the pending motion to permit him time to file a motion for leave to amend his Complaint. ECF 23 at 8 n.4. Because no possible amendment could rectify the limitations and *res judicata* problems discussed herein, this Court addressed this motion in due course.

I. PROCEDURAL HISTORY

A. *Tang I*

On July 18, 2018, Plaintiff filed a complaint in this Court asserting the above-referenced claims against the Defendants. Civil No. JKB-18-2200 ("*Tang I*"), ECF 1. United States District Judge James K. Bredar granted a motion to dismiss the complaint on December 21, 2018, adopting the reasoning in the Defendants' Motion to Dismiss, which had argued various grounds, including improper service of process and Eleventh Amendment immunity. *Tang I*, ECF 28. Following an appeal, the Fourth Circuit affirmed Judge Bredar's decision, and ruled not only that Plaintiff had failed to meet his burden to demonstrate proper service, but also that certain of his claims were barred by the Eleventh Amendment. *Tang v. Univ. of Balt.*, 782 F. App'x 254, 256 (4th Cir. 2019). However, the panel determined that the case should have been dismissed without prejudice. *Id.* The Fourth Circuit's mandate issued on October 9, 2019. *See Tang I*, ECF 36.

B. *Tang II*

The next day, October 10, 2019, Plaintiff filed another lawsuit in this Court. Civil No. SAG-19-2965 ("*Tang II*"). On July 27, 2020, this Court dismissed the Complaint with prejudice, ruling that Plaintiff's claims were: (1) barred by Maryland's three-year statute of limitations; (2) subject to qualified immunity as to the individual defendants; and (3) otherwise substantively deficient. *Tang II*, ECF 22, ECF 23. This Court subsequently denied Plaintiff's Motion for Reconsideration, ECF 28, as well as his Motion for Rule 60(b) relief. ECF 35. The Fourth Circuit affirmed all three rulings, and its mandate issued on October 21, 2021. ECF 41.

C. The Instant Action (*Tang III*)

Ten days after the mandate issued in *Tang II*, Plaintiff filed the instant Complaint in the Circuit Court for Baltimore City. *See* ECF 4. The Complaint contains almost no substantive allegations, simply incorporating his prior filings. *Id.* It does, however, add a new Defendant,

2

Catherine F. Anderson. Defendants removed the case to this Court and filed the instant Motion to Dismiss. ECF 17.

## II. ANALYSIS
### A. Statute of Limitations

Like *Tang II,* the instant Complaint is barred by the statute of limitations. "The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim does not involve personal injury." *Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F. Supp. 3d 519, 542 (D. Md. 2019) (quoting *Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 66-67 (4th Cir. 2015)). Maryland's statute of limitations for personal injury claims is three years from the date of the occurrence. *Id.*; *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-101. Because Plaintiff's appeal was denied by UB on July 22, 2015, he knew of his injury, at the latest, by that date. Thus, his statute of limitations would have run on July 22, 2018. *See Owens v. Balt. City State's Attys. Office*, 767 F.3d 379, 389 (4th Cir. 2014) (applying federal law to determine that "'it is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action' against a defendant—that is, when the plaintiff knows or has reason to know of his injury.") (internal citations omitted).

Plaintiff attempts to use Maryland's "saving statute" to suggest that his present claim is viable. That statute provides:

> **After Certain Dismissals by a United States District Court or a Court of Another State.** Except as otherwise provided by statute, if an action is filed in a United States District Court or a court of another state within the period of limitations prescribed by Maryland law and that court enters an order of dismissal (1) for lack of jurisdiction, (2) because the court declines to exercise jurisdiction, or (3) *because the action is barred by the statute of limitations required to be applied by that court*, an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State.

3

Md. Rules 2-101(b) (italicized emphasis added). Plaintiff argues that because this Court found his claims barred by the statute of limitations it was required to apply, the saving statute permits him to file his claims again within 30 days in Maryland state court. Plaintiff's argument is unpersuasive. First, this Court applied Maryland's own statute of limitations in determining that Plaintiff's claims were time-barred, and its ruling was upheld by the Fourth Circuit. It did not apply a differing or foreign statute of limitations that left some residual window within the Maryland limitations period. To the contrary, it found that *Tang II* was not filed "within the period of limitation prescribed by Maryland law." *See Tang II*, ECF 22-1 at 5-7. Second, if Plaintiff's interpretation were accurate, this Court would be ensnared in a perpetual cycle of briefing in this case: this Court would dismiss on limitations grounds, and Plaintiff would then have 30 days to refile again in Maryland courts, where Defendants would inevitably remove to federal court for the dismissal cycle to begin anew. Maryland's saving statute does not doom this Court to such a Sisyphean existence. Plaintiff's claims, instead, remain time-barred.

### B. Res Judicata

Moreover, the doctrine of *res judicata* applies. *Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp Antitrust Litigation*, 335 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). The doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Id.* at 354-55.

Here, the Court's decision in *Tang II*, ruling on statute of limitations grounds, constitutes a final judgment on the merits. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179-81 (4th Cir.

1989). There is an identity of both the cause of action and the parties or their privies, as evidenced by the fact that the *Tang III* Complaint simply incorporates its earlier iterations. The inclusion of one additional defendant in the instant Complaint does not bar the application of *res judicata*. *See Abunaw v. Campos,* 2018 WL 453523, at *3 (D. Md. Jan. 17, 2018) (quoting *Rout v. First Sav. Mortg. Corp.*, 2011 WL 3820523, at *2 (D. Md. Aug. 26, 2011)); *Hodge v. Calvert Cnty.*, 2009 WL 2884928, at *3 n.4 (D. Md. Sept. 4, 2009) ("Plaintiffs cannot avoid the bar of *res judicata* simply by adding new defendants to the second suit."). *Res judicata* thus provides a second basis for dismissal of this case. This Court declines to re-address the other substantive issues that it described the first time it dismissed this case with prejudice. *See Tang II*, ECF 22.

### III.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF 17, shall be granted. The case is again dismissed with prejudice because Plaintiff's claims are: (1) barred by the statute of limitations; and (2) barred by the doctrine of *res judicata*. Plaintiff is cautioned that, in light of the rulings herein and in this Court's prior opinions, additional efforts to refile these claims could subject him to sanctions. A separate Order follows.

Dated: June 10, 2022                                         /s/
                                                                          Stephanie A. Gallagher
                                                                          United States District Judge